UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>         Plaintiff, )<br>  )<br>   v. )<br>  )<br>STEVE W. BORSKI, JR. )<br>  )<br>         Defendant. ) | Cause No. 1:12-cr-58-JMS-MJD |

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to an Order entered by the Honorable Judge Jane Magnus-Stinson designating the undersigned Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on June 21, 2013. [Dkt. 9, 13.] Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on July 1, 2013, July 18, 2013, and August 23, 2013 in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure.[1]

STEVE W. BORSKI, JR. ("Borski") appeared in person with appointed counsel, Gwendolyn Beitz, Assistant Federal Community Defender. The United States appeared by Steven DeBrota, Assistant United States Attorney. U.S. Parole and Probation appeared by Ross Carothers, U.S. Parole and Probation officer.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583:

1. Mr. Borski was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Borski and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3. Mr. Borski was advised of his right to a preliminary hearing and its purpose with regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Borski was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Borski was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Borski was advised that, if the preliminary hearing resulted in a finding of probable cause that Mr. Borski had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Ms. Beitz indicated that Mr. Borski would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Borski executed a written waiver of the preliminary hearing, which

        was accepted by the Court.

8.      The United States moved to dismiss Violations 2 and 3, which motion was granted.

9.      Mr. Borski stipulated that he committed Violations 1, 4, and 5, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, as follows:

Violation Number 1

**"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."**

The offender submitted a monthly report for May 2013 on June 14, 2013. Attached was a Sex Offender Questionnaire which asked, "Have you viewed pornography via the Internet, a computer, or Internet capable device during the month?" He responded, "No." A search of the offender's possessions determined he viewed pornography on several dates in May 2013.

Violation Number 4

**"The defendant is prohibited from accessing any 'on-line' computer service at any location (including employment or education) without prior written approval of the U.S. Probation Office or the Court. This includes any Internet Service Provider, bulletin board system or any other public or private computer network. Any approval shall be subject to conditions set by the U.S. Probation Office or the Court with respect to that approval."**

During the intake appointment on October 5, 2011, the offender was instructed he may only use the Internet at a public place (e.g. library) for a legitimate reason (e.g. employment search). On February 27, 2013, the probation officer personally observed the offender viewing pornography on a computer terminal at the Greenwood Public Library (this violation occurred prior to the SD/IN receiving jurisdiction and was reported to the ND/OH).

The offender began taking classes at Ivy Tech in the fall of 2012, and the probation officer approved his request to use the Ivy Tech computer laboratory for school-related purposes. A search of the offender's possessions on June 13, 2013, revealed he has been using the computer laboratory for personal use including, but not limited to, viewing nudity, erotica, and pornography, accessing Internet dating sites (Zoosk.com, Craigslist.com, ThaiLove-Links.com), and requesting autographs from actresses.

Violation Number 5

**"The defendant shall not possess any pornography, erotica, or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."**

On October 17, 2012, the offender signed a "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend the Terms of Supervision," which prohibited him possessing any pornography, erotica or nude images. The Court approved the modification on October 31, 2012.

On June 11, 2013, the probation officer received information suggesting the offender had been viewing pornography at the Ivy Tech computer laboratory in Franklin, Indiana. Specifically, he was seen with several thumb drives and DVDs at a computer work station
where he sat for hours. When questioned by Ivy Tech staff, the offender stated he was viewing movies and would save them to DVDs if he liked them.

On June 13, 2013, probation officers conducted a search of the offender's residence and confiscated numerous items. The probation officer examined 30 DVDs and 2 thumb drives that contained pornography, erotica, and nude images. The contents included hundreds of photos of celebrity actresses, movies (Restricted and pornographic), and video clips for adult web sites. Although almost none of the items were school related, the probation officer believes much of the material was downloaded from the Ivy Tech computer laboratory. The probation officer found the most recent download of material was June 12, 2013, the night before the search.

10. The Court directly inquired of Mr. Borski whether he admitted to the violation of the specifications of his supervised release set forth above.  Mr. Borski stated that he admitted to the violations as set forth.

11. All of these are Grade C violations, pursuant to U.S.S.G. § 7B1.1(a).

12. Mr. Borski's criminal history category is I.

13. The advisory term of imprisonment upon revocation of Mr. Borski's supervised release is 3-9 months' imprisonment.  *See* U.S.S.G. § 7B1.4(a).

14. The parties presented an agreed upon recommendation to the Court concerning the appropriate disposition of the case.

15. The parties jointly recommended that Mr. Borski's supervised release be revoked, that Mr. Borski be ordered to reside in a community corrections facility, and that an additional five year period of supervised release be imposed. The U.S. Parole and Probation office joined in that recommendation.

16. The Court adopts the agreed upon recommendation of the parties and orders that Mr. Borski's period of supervised release be **REVOKED**, and he is ordered to reside in the Volunteers of America or other community corrections facility for a period of nine months. The service of the sentence shall begin immediately. The Court notes that the original period of supervised release imposed at the time of sentencing was three years. [*See* Dkt. 9 at 1.] The Court further notes that, upon revocation, the Court is authorized to impose any term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon review of Mr. Borski's May 17, 2004 plea agreement, the August 2, 2004 Presentence Investigation Report, and the transcript of the August 5, 2004 sentencing hearing, the Court finds that a term of supervised release of Life was authorized by statute for the offense that resulted in the original term of Mr. Borski's supervised release. The Court has considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in light of the parties' joint proposal and the reasons articulated by the parties in support of that proposal and finds that the imposition of a period of five years of supervised release is appropriate and is proportional to the circumstances of the offense and

the characteristics of the offender. Accordingly, the defendant shall serve a five year period of Supervised Release, without credit for the period served previously. The Magistrate Judge requests that the U.S. Parole and Probation officer prepare for submission to the Honorable Judge Jane Magnus-Stinson, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

**IT IS SO RECOMMENDED** this 6th day of September, 2013.

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:
Steven DeBrota
Senior Litigation Counsel

Gwendolyn Beitz.
Indiana Community Federal Defender

U. S. Parole and Probation

U. S. Marshal